# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION

CIVIL NO. 1:04CV21
(1:01CR11)

| | |
|---|---|
| JOHN MARK JOHNSON, ) <br> ) <br> Petitioner, ) <br> ) <br> Vs. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) <br> _____ ) | **MEMORANDUM AND ORDER** |

**THIS MATTER** is before the Court on the following motions of the Petitioner: (1) a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence, filed January 30, 2004; (2) an amendment to that motion, filed October 7, 2004; (3) a motion for an order to show cause, filed January 14, 2005; (4) a motion to compel the disclosure of evidence, filed February 22, 2005; (5) a motion "of urgency to allow medical evidence," filed May 2, 2005; and (6) a motion to amend to assert evidence of disability, filed May 2, 2005. No response is necessary from the Government.

## I. STANDARD OF REVIEW

A prisoner in federal custody may attack his conviction and sentence on the grounds that it is in violation of the Constitution or United States law, was imposed without jurisdiction, exceeds the maximum penalty, or is otherwise subject to collateral attack. **28 U.S.C. § 2255.** However,

> [i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

**Rule 4, Rules Governing Section 2255 Proceedings for the United States District Courts.** The Court, having reviewed the record of criminal proceedings, enters summary dismissal for the reasons stated herein.

## II. PROCEDURAL HISTORY

On February 6, 2001, the Petitioner was charged with conspiracy to possess with intent to distribute at least 500 grams of a mixture or substance containing a detectable amount of cocaine, in violation of 21 U.S.C. § 846, and with using and carrying a firearm during a drug trafficking crime, in violation of 18 U.S.C. § 924(c). **Bill of Indictment, filed February 6, 2001.** On April 12, 2001, the Defendant entered into a

plea agreement with the Government pursuant to which he agreed to plead guilty to the charge of conspiracy in exchange for the Government's agreement to dismiss the § 924(c) count of the indictment. **Plea Agreement, filed April 12, 2001.**

On April 25, 2001, the Petitioner appeared with his court-appointed counsel at a Rule 11 hearing. Counsel advised the Court, among other things, that the Petitioner did not want to continue with his representation, had attempted to retain counsel and did not wish to go forward with a plea of guilty. **Transcript of Electronically Recorded Proceeding, filed July 8, 2002.** The Petitioner did not, in fact, enter a plea of guilty on that date and was given an opportunity to appear with retained counsel.

The Petitioner did retain different counsel, decided not to go through with his plea agreement, and proceeded to trial in July 2001. On July 10, 2001, the jury found the Petitioner guilty of both counts of the indictment; *i.e.*, the jury concluded he was guilty of conspiracy to possess with intent to distribute cocaine, that the conspiracy involved at least 400 grams but less than 500 grams of cocaine, and that he had used and carried a firearm in furtherance of a drug trafficking crime. **Verdict Form, filed July 10, 2001.** On February 26, 2002, the undersigned sentenced the Petitioner to serve

97 months imprisonment in connection with Count One, the conspiracy conviction, and a 60-month consecutive sentence for the firearm conviction, for a total of 157 months imprisonment. **Judgment in a Criminal Case, filed March 5, 2002.**

The Petitioner appealed his conviction and sentence alleging insufficient evidence to support the jury verdict. The Fourth Circuit Court of Appeals rejected these arguments and affirmed Petitioner's conviction and sentence. **United States v. Johnson, 53 Fed. Appx. 269 (4th Cir. 2002), cert. denied, 538 U.S. 1020 (May 5, 2003).** The Petitioner's motion to vacate, filed January 30, 2004, was thus timely filed.

## III. DISCUSSION

The Petitioner claims that he received ineffective assistance of counsel prior to and at trial. In considering Petitioner's claims that he has not received adequate assistance of counsel,

> [f]irst, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

***Strickland v. Washington*, 466 U.S. 668, 686 (1984).** Unless a defendant makes both showings, his claim of ineffective assistance of counsel must fail. ***Id.*** Thus, a defendant must show that counsel's performance fell below objective standards of reasonableness and, that but for his conduct, there was a reasonable probability the result would have been different. ***Id.*, at 688; *Hill v. Lockhart*, 474 U.S. 52 (1985); *Fields v. Attorney Gen.*, 956 F.2d 1290 (4th Cir. 1992) (In order to obtain relief from a guilty plea on the basis of ineffective assistance of counsel, a defendant must show both that counsel was incompetent and but for that incompetence, he would not have pled guilty).** If the defendant fails to make the first showing, there is no need to consider the second. ***Strickland, supra.***

The Petitioner claims his trial attorney should have moved to dismiss the firearm count of the indictment because there was insufficient evidence to support the charge. Since the Fourth Circuit found, on appeal, that there was sufficient evidence presented at trial to sustain the jury conviction, the Petitioner's trial counsel could not have been ineffective for failing to move to dismiss the count based on insufficient evidence. Moreover, as discussed *infra*, the testimony of the Petitioner's wife at trial

firmly established sufficient evidence to support the charge of using and carrying a firearm during a drug trafficking crime.

The Petitioner also claims that trial counsel failed to explain the essential elements of the § 924(c) charge to the jury, thus, allowing them to convict him of the count without knowledge of the elements. Assuming *arguendo* that the Petitioner is correct in this assertion, his argument overlooks the fact that the undersigned, as the trial judge, explained to the jury during the final jury instructions each element of that crime which the Government was required to prove beyond a reasonable doubt.

Next, the Petitioner argues that his attorney was ineffective because he failed to challenge the Government's proof that he used and carried the firearm involved in Count Two. The evidence at the trial showed that law enforcement officers had been investigating the Petitioner for some time, based in part on reports given to them by the Petitioner's wife. In fact, at trial, the Petitioner's wife testified that he had become involved in drug trafficking and was taking trips out of state routinely. **Transcript of Jury Trial Testimony, Volume I, filed July 8, 2002, 1-25.** She had found both cocaine and currency in their home and reported that the Petitioner's behavior changed during this time frame. *Id.* She also testified about a

trip she took with the Petitioner to Texas in December 2000 during which he purchased cocaine bricks and placed them in the console of the truck they were driving. *Id.*, **at 20-26.** The Petitioner also routinely carried a gun which he kept in that console next to him in the driver's seat. *Id.*, **at 20-36.** On their way back into North Carolina, officers attempted to stop the Petitioner, who was driving, and his wife, who was in the passenger seat. *Id.* The Petitioner had a loaded .22 caliber Colt pistol in the seat next to him at the time and when he saw the officers' blue light, he attempted to evade the police at a high speed and ended up wrecking the truck. *Id.*, **at 35.** The truck hit some trees and stopped and as soon as the vehicle stopped, the Petitioner got out of the vehicle and threw a fanny pack containing cocaine out in front of the vehicle. *Id.*, **at 35-36.** The officers found the gun on the floor of the truck where it had been thrown from the force of impact during the accident.

The Petitioner was charged in the indictment and convicted of using and carrying a firearm in furtherance of the drug trafficking crime of conspiracy to possess with intent to distribute cocaine. Transporting a loaded gun in a vehicle within reach of the driver is sufficient to prove the "carry" prong of 18 U.S.C. § 924(c). ***United States v. Lindsey*, 389 F.3d**

1334, 1338 (10th Cir. 2004). "[C]arrying a firearm during a drug trafficking crime . . . will 'always . . . constitute 'possession in furtherance' because 'carrying a firearm always serves to protect the holder.'" *United States v. Lomax*, 293 F.3d 701, 705 (4th Cir. 2002) (quoting *United States v. Ceballos-Torres*, 218 F.3d 409, 413 (2000)). Possession of a gun while transporting drugs also serves to prove the "use and carry" prong of the statute. *United States v. Sanchez-Berrios*, 424 F.3d 65, 78 (1st Cir. 2005), *cert. denied*, 126 S. Ct. 1105 (2006). Likewise, the presence of a loaded gun on the seat near the driver, or within easy reach, is sufficient to show a violation of the statute. *See, e.g., United States v. Swafford*, 385 F.3d 1026, 1028 (6th Cir. 2004), *cert. denied*, 125 S. Ct. 1352 (2005) **(loaded gun strategically located to defendant);** *United States v. Williams*, 344 F.3d 365, 369 (3d Cir. 2003), *cert. denied*, 540 U.S. 1167 (2004) **(loaded gun in the console of a vehicle being driven by defendant);** *United States v. Boomer*, 2006 WL 278395 (4th Cir. 2006); *United States v. Maxwell*, 141 Fed. Appx. 878, 883 (11th Cir. 2005) **(loaded gun under the driver's seat with drugs in the backseat).** Thus, the Petitioner's claim that his attorney was ineffective is rejected.

Petitioner also claims that his attorney was ineffective because he failed to move for a competency hearing on behalf of the Petitioner. This claim is based, in part, on the fact that a fellow inmate had written a letter to the Petitioner's attorney. A copy of that letter was not made part of the record and is not included in the instant motion. However, the Petitioner's attorney advised the Magistrate Judge that the Petitioner felt he needed to be evaluated and did in fact ask the Magistrate Judge to have the Petitioner evaluated. **Transcript of Electronically Recorded Proceeding, *supra*, at 3-4.** The Magistrate Judge, however, denied that request. *Id.* Counsel then advised the Court that the Petitioner did not wish to go through with his guilty plea and wanted to discharge him as counsel. *Id.*, **at 5.** Moreover, the Petitioner was personally addressed several times during the hearing and did not raise this issue with the Court. There was nothing in the Petitioner's demeanor during the hearing that should have or would have alerted either his attorney or the Magistrate Judge to the necessity for a competency hearing. ***Beck v. Angelone*, 261 F.3d 377, 387 (4th Cir. 2001); *Warren v. Schriro*, 2006 WL 44451 (9th Cir. 2006).** To the contrary, the Petitioner stated he did not want to enter a guilty plea and did not want to continue with his court-appointed attorney,

having begun the process of retaining private counsel. *Id.* This clearly showed his ability to communicate his desires and needs effectively. *Id.* Nor is there a reasonable probability that the Petitioner would have been found incompetent. ***Eddmonds v. Peters*, 93 F.3d 1307, 1317 (7th Cir. 1996).**

The Petitioner also notes that a month after he was sentenced he was diagnosed with Huntington's Disease. However, the Petitioner testified at his trial that he had Huntington's Disease, a disease which he described as being of the nervous system which made him volatile. **Transcript of Trial Testimony, Volume II, filed July 8, 2002, at 168-69.** In what manner this shows ineffective assistance of counsel is not explained. There is no evidence in the record that the Petitioner was at the time suffering from an extraordinary physical impairment which might have been considered under the Sentencing Guidelines then in effect. ***United States v. Thomas*, 2005 WL 3005439 (N.D. Ind. 2005).**

The Petitioner also argues that his current medical condition is grounds for vacating or reducing his sentence. The only medical record submitted is from a one day hospitalization during which testing appears to have been done resulting in a diagnosis of Huntington's disease.

However, the undersigned would not modify the Petitioner's sentence on this ground in any event. The medical care which the Petitioner is receiving in prison is not contested by him, is most likely better than any care he would be able to afford in the private sector, and is simply not a ground for modifying his sentence. **See, e.g., United States v. Hecht, 1989 WL 3522 (E.D. Pa. 1989); Hodge v. United States, 1996 WL 103962 (S.D.N.Y. 1996) ("Petitioner's present medical condition, as revealed in the medical evidence submitted to the Court . . . does not support the relief requested.").**

Finally, the Petitioner claims that he was not guilty of the § 924(c) charge and his attorney should have requested a lesser included offense for mere possession of a firearm. However, there is no such lesser included offense.

Because Petitioner has failed to show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," the second prong of *Strickland* need not be reached.

In a motion to amend the petition, filed in October 2004, the Petitioner attacks the jurisdiction of this Court with frivolous arguments

such as, "Title 21 §841 or Title 18 §924 contain no jurisdictional element, which makes its application unconstitutional. [These statutes] can only constitutionally apply to D.C. or ceded lands requiring proof beyond a reasonable doubt of territorial jurisdiction." **Amendment, filed October 7, 2004, at 2.** The Petitioner also lists fourteen new grounds of allegedly ineffective assistance of counsel, including such allegations as failure to properly investigate, interview witnesses, make pretrial motions, hire a private investigator, request a multiple conspiracy instruction, object to hearsay testimony at trial, object to Rule 404(b) evidence, object to the presentence report, and to call witnesses. And, the Petitioner claims the undersigned improperly enhanced his offense level for obstruction of justice, in violation of recent Supreme Court decisions. This litany of errors does not relate back to the original timely filed motion and will not be considered by the Court. *See, Mayle v. Felix*, **126 S. Ct. 25 (2005) (Petitioner's amended petition filed after the one year federal statute of limitations had expired did not relate back to the date of the original petition because the allegations targeted different alleged errors.);** *United States v. Ciampi*, **419 F.3d 20, 24 (1st Cir. 2005) ("As the Supreme Court recently made crystal clear, a petitioner does not**

satisfy the Rule 15 'relation back' standard merely by raising some type of ineffective assistance in the original petition, and then amending the petition to assert another ineffective assistance claim based upon an entirely distinct type of attorney misfeasance.");

*United States v. Pittman*, 209 F.3d 314, 318 (4th Cir. 2000) ("These new claims do not relate back to his original claims because they arise from separate occurrences of 'both time and type.' . . . The fact that amended claims arise from the same trial and sentencing proceeding as the original motion does not mean that the amended claims relate back for purposes of Rule 15(c). . . . Such a broad view of 'relation back' would undermine the limitations period set by Congress in the AEDPA."); *United States v. Duffus*, 174 F.3d 333, 337-38 (3d Cir. 1999).

The Court has reviewed each of the Petitioner's filings and finds that no grounds have been stated which warrant any relief.

### IV. ORDER

**IT IS, THEREFORE, ORDERED** that the Petitioner's motion pursuant to 28 U.S.C. § 2255; an amended motion, filed October 7, 2004; a motion

14

for an order to show cause, filed January 14, 2005; a motion to compel the disclosure of evidence, filed February 22, 2005; a motion "of urgency to allow medical evidence," filed May 2, 2005; and a motion to amend to assert evidence of disability, filed May 2, 2005, are hereby **DENIED**. A Judgment dismissing the Petitioner's motion is filed herewith.

Signed: February 16, 2006

Lacy H. Thornburg
United States District Judge