**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION**

**CRIMINAL NO.  1:01CR11**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | |
| **Vs.** | ) | **O R D E R** |
| | ) | |
| **JOHN MARK JOHNSON** | ) | |
| | ) | |
| | ) | |

THIS MATTER is before the Court on the Defendant's motion pursuant to Federal Rule of Civil Procedure 60(b)(4) for relief from Judgment.  The motion is denied.

## I.  PROCEDURAL HISTORY

In July 2001, Defendant was convicted after jury trial of conspiring to possess with intent to distribute cocaine and using a firearm during and in relation to a drug trafficking crime in violation of 21 U.S.C. §§ 841(a)(1) and 846, and 18 U.S.C. § 924(c)(1).  Defendant was sentenced on February 26, 2002, to 157 months imprisonment.  His conviction and sentence were affirmed by the Fourth Circuit on direct appeal and the Supreme Court

denied his petition for a writ of *certiorari.*  **United States v. Johnson, 53 F. App'x 269 (4ᵗʰ Cir. 2002), *cert. denied*, 538 U.S. 1020 (2003).**  On February 16, 2006, the Defendant's motion pursuant to 28 U.S.C. § 2255 was denied by the undersigned and the Defendant did not appeal that decision.

In this motion, the Defendant does not seek relief from the judgment dismissing his motion pursuant to § 2255.  Instead, he seeks relief from his original judgment of conviction in his criminal case.

## II.  DISCUSSION

Defendant moves for relief pursuant to Rule 60(b)(4) which provides in pertinent part: "On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment . . . [where] the judgment is void. . . .  The motion shall be made within a reasonable time[.]" **Fed. R. Civ. P. 60(b)(4); *Foster v. Arletty 3 Sarl*, 278 F.3d 409, 414 (4ᵗʰ Cir. 2002); *but see, In re Heckert*, 272 F.3d 253 (4ᵗʰ Cir. 2001) (Rule 60(b)(4) is not subject to the reasonable time limitations imposed on the other provisions of Rule 60(b).).**  The Defendant's judgment of conviction was

entered on February 26, 2002, and this motion was filed on March 21, 2007, more than five years later.

Assuming *arguendo* that the motion was brought within a reasonable time, the Defendant fares no better. His argument is merely that this Court did not have subject matter jurisdiction although no further explanation is offered.

## III.  ORDER

**IT IS, THEREFORE, ORDERED** that the Defendant's motion pursuant to Federal Rule of Civil Procedure 60(b)(4) is hereby **DENIED.**

Signed: April 5, 2007

Lacy H. Thornburg
United States District Judge